# EXHIBIT D

CERTIFIED PROPERTY IDENTIFICATION NUMBERS
████████████████████████  CECIL TOWNSHIP
LCGIS REGISTRY 03/20/2024 BY JM

CARRIE PERRELL
RECORDER OF DEEDS
WASHINGTON, PA
Pennsylvania

INSTRUMENT NUMBER
202404604
RECORDED ON
Mar 20, 2024
9:09:17 AM
Total Pages: 7

| | |
|---|---|
| RECORDING FEES | $35.00 |
| TOTAL PAID | $35.00 |
| INV: 869283 USER: MH | |

This Document Prepared By:
**YUDOSHIA ROLLERSON**
**MIDFIRST BANK, A FEDERALLY**
**CHARTERED SAVINGS ASSOCIATION**
**501 N.W. GRAND BLVD**
**OKLAHOMA CITY, OK 73118**

When Recorded Mail To:
**FIRST AMERICAN TITLE**
**DTO REC., MAIL CODE: 4002**
**4795 REGENT BLVD**
**IRVING, TX 75063**

Tax/Parcel # ████████████████

_____ [Space Above This Line for Recording Data]

**Original Principal Amount: $297,383.00**
**Unpaid Principal Amount: $277,430.04**
**New Principal Amount: $284,786.93**
**New Money (Cap): $7,356.89**

# LOAN MODIFICATION AGREEMENT (MORTGAGE)

This Loan Modification Agreement ("Agreement"), made this **22ND** day of **FEBRUARY, 2024**, between **NICOLE TILAR CLARK** ("Borrower"), whose address is **3009 SIR CHARLES DR, MC DONALD, PA 15057** and **MIDFIRST BANK, A FEDERALLY CHARTERED SAVINGS ASSOCIATION** ("Lender"), whose address is **501 N.W. GRAND BLVD, OKLAHOMA CITY, OK 73118**, amends and supplements (1) the Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated **OCTOBER 31, 2019** and recorded on **NOVEMBER 4, 2019** in **INSTRUMENT NO. 201925552**, of the **OFFICIAL** Records of **WASHINGTON COUNTY, PENNSYLVANIA**, and (2) the Note bearing the same date as, and secured by, the

Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at

**3009 SIR CHARLES DRI, MC DONALD, PENNSYLVANIA 15057**
(Property Address)
the real property described being set forth as follows:

**SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF:**

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of, **MARCH 1, 2024** the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. **$284,786.93**, consisting of the amount(s) loaned to Borrower by Lender, plus capitalized interest and other amounts capitalized, which is limited to escrows, and any legal fees and related foreclosure costs that may have been accrued for work completed, in the amount of U.S. **$7,356.89.**

2. Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of **7.1250%**, from **MARCH 1, 2024**. The Borrower promises to make monthly payments of principal and interest of U.S. **$ 1,795.67**, beginning on the 1ST day of **APRIL, 2024**, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. If on **MARCH 1, 2064** (the "Maturity Date"), the Borrower still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.

3. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

   If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under

the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

(a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note; and

(b) all terms and provisions of any adjustable rate rider, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5. **If the Borrower has, since inception of this loan but prior to this Agreement, received a discharge in a Chapter 7 bankruptcy, and there having been no valid reaffirmation of the underlying debt, by entering into this Agreement, the Lender is not attempting to re-establish any personal liability for the underlying debt.**

6. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Agreement.

7. Borrower agrees to make and execute other documents or papers as may be necessary to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

In Witness Whereof, I have executed this Agreement.

Borrower: **NICOLE TILAR CLARK**

3/4/24
Date

_____[Space Below This Line for Acknowledgments]_____

## BORROWER ACKNOWLEDGMENT

State of PENNSYLVANIA
County of ALLEGHENY

This record was acknowledged before me on March 4 2024 _____ (date)
by NICOLE TILAR CLARK (name(s) of individual(s)).

_____This notarial act involved the use of communication technology.

(Stamp)

Signature of notarial officer

LISA A MORETTI NOTARY PUBLIC
Printed Name and Title of office

My commission expires: 11.5.2025

Commonwealth of Pennsylvania - Notary Seal
Lisa A. Moretti, Notary Public
Allegheny County
My commission expires November 5, 2025
Commission number 1001855
Member, Pennsylvania Association of Notaries

In Witness Whereof, the Lender has executed this Agreement.

**MIDFIRST BANK, A FEDERALLY CHARTERED SAVINGS ASSOCIATION**

By _____ Melissa Buck   VICE PRESIDENT     3/8/24
                                    (print name)                            Date
                                    (title)

_____ [Space Below This Line for Acknowledgments] _____

STATE OF _____ **Oklahoma** _____

COUNTY OF _____ **Oklahoma** _____

The instrument was acknowledged before me on **March 8, 2024** (date) by
_____ **Melissa Buck** _____ , as _____ **VICE PRESIDENT** _____ of MIDFIRST BANK, A FEDERALLY CHARTERED SAVINGS ASSOCIATION.

_____ , This notarial act was an online notarial act.

_____
Notary Public

Printed Name: _____ **Kaitlyn Raymond** _____

**K. RAYMOND**
Notary Public
State of Oklahoma
Commission #20012342 Exp: 10/06/24

My commission expires: _____ 10/06/24 _____

THIS DOCUMENT WAS PREPARED BY:
YUDOSHIA ROLLERSON
MIDFIRST BANK, A FEDERALLY CHARTERED SAVINGS ASSOCIATION
501 N.W. GRAND BLVD
OKLAHOMA CITY, OK 73118

# EXHIBIT A

**BORROWER(S): NICOLE TILAR CLARK**

**LOAN NUMBER: (scan barcode)**

**LEGAL DESCRIPTION:**

**The land referred to in this document is situated in the TOWNSHIP OF CECIL, COUNTY OF WASHINGTON, STATE OF PA, and described as follows:**

**ALL THAT CERTAIN LOT OR PIECE OF GROUND SITUATE IN THE TOWNSHIP OF CECIL, COUNTY OF WASHINGTON, AND COMMONWEALTH OF PENNSYLVANIA, BEING KNOWN AS LOT NO. 559 IN THE WINDSOR WOODS PLANNED RESIDENTIAL DEVELOPMENT PHASE V SUBDIVISION PLAN, AS RECORDED IN THE RECORDER'S OFFICE OF WASHINGTON COUNTY, PENNSYLVANIA AT INSTRUMENT NO. 201721838.**

**Source of Title: INSTRUMENT NO** ▮▮▮▮▮▮

**ALSO KNOWN AS: 3009 SIR CHARLES DRI, MC DONALD, PENNSYLVANIA 15057**

# CERTIFICATE OF RESIDENCE

## TITLE OF DOCUMENT
LOAN MODIFICATION AGREEMENT (MORTGAGE)

## BETWEEN:
NICOLE TILAR CLARK (assignor/Mortgagor/grantor)

## AND:
MIDFIRST BANK, A FEDERALLY CHARTERED SAVINGS ASSOCIATION (assignee/Mortgagee/grantee)

I do hereby certify that the precise address of the within named Mortgagee is:
MIDFIRST BANK, A FEDERALLY CHARTERED SAVINGS ASSOCIATION
501 N.W. GRAND BLVD
OKLAHOMA CITY, OK 73118

By: _____

Print Name: _Talisha Reupena_

Title: _Loss Mitigation Specialist_